# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997

FILED

October 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9701-CR-00005 |
| | ) | |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. ARTHUR T. BENNETT, |
| CONNIE L. FULTON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (THEFT OVER $500.00) |

FOR THE APPELLANT:

**ROBERT M. BRANNON, JR.**
295 Washington, Suite 3
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**PERRY HAYES**
Assistant District Attorney General
201 Poplar Street, Suite 301
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Connie L. Fulton, appeals as of right the determination of the Shelby County Criminal Court that the sentences she received for various convictions should be served by incarceration and not by alternative sentencing. The Defendant entered guilty pleas to three counts of theft, one count of reckless driving, and one count of driving a motor vehicle while her license was revoked, canceled, or suspended. Pursuant to a negotiated plea agreement, the Defendant was sentenced to two years as a Range I Standard Offender for her conviction for theft over $500. This sentence was ordered to be served concurrently with her two nine-month sentences for theft under $500, her 90-day sentence for reckless driving, and her 90-day sentence for driving while her license was revoked, suspended, or canceled. After an evidentiary hearing, the trial court ordered the sentences to be served totally by incarceration. In her sole issue on appeal, the Defendant argues that the trial court erred in denying her alternative sentencing. We affirm the judgments of the trial court.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider the evidence adduced at trial and the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel relative to sentencing alternatives, the nature of the offense, and the defendant's potential for rehabilitation. Tenn. Code Ann. § 40-35-210; State v. Parker, 932 S.W.2d 945, 955-56 (Tenn. Crim App. 1996).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Upon review of the record, we find that the trial court considered all the proper sentencing principles and stated its reasons and findings on the record. Therefore, review by this court is de novo with a presumption of correctness.

Tennessee Code Annotated section 40-35-102 outlines when alternative sentencing is appropriate. A defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5).

Thus, a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(2) and (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5).

The Defendant argues that the trial judge erred when he stated: "You've got to convince me that you don't need to go to jail and stay there as long as we can keep you there," because this denied her the presumption of being a favorable candidate for alternative sentencing pursuant to Tenn. Code Ann. § 40-35-102(6). Although the judge may have acted prematurely in implying that the Defendant did not have that presumption, after a careful review of the record it appears that the judge was knowledgeable of the Defendant's criminal history prior to the sentencing hearing.

When imposing a sentence of total confinement, our Criminal Sentencing Reform Act mandates the trial court to base its decision on the considerations set forth in Tennessee Code Annotated section 40-35-103. These considerations

which militate against alternative sentencing include: the need to protect society by restraining a defendant having a long history of criminal conduct, whether confinement is particularly appropriate to effectively deter others likely to commit a similar offense, the need to avoid depreciating the seriousness of the offense, and the need to order confinement in cases in which less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1)(A) - (C).

In the case sub judice, the trial court found that the Defendant did not meet the appropriate criteria to be eligible for alternative sentencing. The Defendant has an extensive criminal record dating back to 1986. She has been previously convicted more than ten times for shoplifting. The Defendant was on bond awaiting trial when she committed four of the five current charges, and furthermore, she was on probation for possession of cocaine when she committed all of the present offenses. The Defendant has apparently failed at all past efforts of rehabilitation. Because of these facts, the trial court reasoned that the Defendant has a total disregard for the laws and morals of society. The court further found that granting alternative sentencing would depreciate the seriousness of the crime. This court has held that where a defendant's history indicates a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate, the trial judge does not abuse his discretion in denying probation. State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994).

The Defendant argues that she is an eligible candidate for Community Corrections because she meets the minimum requirements outlined in Tennessee Code Annotated section 40-36-106. The Community Corrections Act

allows certain eligible offenders to participate in community based alternatives to incarceration, however, a defendant must first be a suitable candidate for alternative sentencing. Tenn. Code Ann. §§ 40-36-103 and 40-35-104(9). Therefore, since the court found the Defendant to be ineligible for alternative sentencing because of the factors discussed above, this precludes her from participating in the Community Corrections program.

Based upon the evidence presented at the sentencing hearing, the presentence report, the principles of sentencing set forth in Tenn. Code Ann. § 40-35-102, -103, -104, the arguments made by counsel, the nature of the offense, and the Defendant's potential for rehabilitation, we find that the trial court did not err in denying the Defendant alternative sentencing. This issue is without merit.

We affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge